CHARLES A. MADDOCK, as President of SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, LOCAL UNION No. 28, OF GREATER NEW YORK AND LONG ISLAND, Plaintiff, v. JOHN REUL and Others, Defendants.

Supreme Court, New York County, April 9, 1932.

*Sidney L. Cahn* and *David L. Podell* [*David L. Podell, Charles E. Rhodes* and *Sidney L. Cahn* of counsel], for the plaintiff.

*Goldstein & Goldstein* [*David Goldstein* and *Joseph W. Ferris* of counsel], for the defendants.

LEVY, J. I shall take jurisdiction of the motion. If neither the plaintiff nor the defendants are officers, then the local has had only *de facto* officers since December last. To test the question in the organization would take so long that that procedure would appear futile. The essential facts here are as follows:

Defendants in 1928 were elected to hold their respective offices

for three years expiring December, 1931. At that time the constitution of the order so provided and also that the next election was due in December, 1931. In 1930 the constitution was repealed and a new one went into effect which continued the provision for three-year terms but fixed the date of election in June. The question then arose as to what would happen from December, 1931, to June, 1932. The authority vested with the right to decide that question first ruled that the locals could do one of two things: (1) Hold bye elections before June for terms expiring in that month and in June hold elections for terms of three years, or (2) allow the officers to hold over and elect in June for three-year terms. Later it rescinded the first alternative, leaving only the second, before the local involved had had a bye election. It appears that as to locals which had taken steps to hold the bye election, the new ruling was not enforced. The faction represented by the plaintiff duly demanded a special meeting to pass a resolution for the bye election. That was its ultimate object. The stated object was to discuss and act upon the question of terms of office. But the union under its constitution had left such a question to the president of the parent organization (Const. art. 27, §§ 3 and 12). That authority had ruled. There was no fraud in the ruling. It would be idle to call a special meeting to discuss the matter, for any determination in conflict with the ruling of the president would be ineffective. The action of the plaintiff faction in calling an election is, therefore, a nullity, irrespective of whether the forms of the election law of the order were actually observed.

Of course, the grievances pointed out by the plaintiff in respect of unemployment relief, for example, may be well founded, but there undoubtedly exists a very simple yet effective means of curing this. No people or group seems entitled to any better government than it sees fit to select for itself. The plaintiff, therefore, may not be said to be representative of the officers of the local. The latter cannot sue through plaintiff or any of those claiming to be officers by virtue of the election held in December, 1931.

The motion must be denied.